Fanny Wan (SBN 277600)
fwan@raslg.com
**ROBERTSON, ANSCHUTZ, SCHNEID & CRANE LLP**
350 10th Avenue, Suite 1000
San Diego, CA 92101
Telephone: (470)321-7112

Attorneys for Creditor

Metropolitan Life Insurance Company

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>John Franklin Kohl, III,<br><br>Fe Penaverde Kohl,<br><br>Debtors. | Case No. please use emailed pdf<br><br>Chapter 13<br><br>**OBJECTION TO CONFIRMATION OF DEBTOR'S 1st AMENDED CHAPTER 13 PLAN OF REORGANIZATION**<br><br>**SUBJECT PROPERTY:**<br>27406 Onlee Ave<br>Santa Clarita, California 91350<br><br>**CONFIRMATION HEARING:**<br>DATE:       March 30, 2023<br>TIME:       10:30 AM<br>PLACE:     411 W Fourth St.,<br>                  Santa Ana, CA 92701<br>CTRM:     6C<br>JUDGE:    Mark D. Houle |

Metropolitan Life Insurance Company, by and through its authorized loan servicing agent, Shellpoint Mortgage Servicing (collectively the "Creditor"), secured creditor of the above-entitled debtor, John Franklin Kohl, III AND Fe Penaverde Kohl ("Debtors"), hereby objects to confirmation of the Chapter 13 Plan filed by the Debtor in the above-referenced matter. The basis of the objection is stated below:[1]

---

[1] This objection shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Robertson, Anschutz, & Schneid & Crane LLP's participation in this proceeding. Moreover, the within party does not authorize Robertson, Anschutz,

**OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN OF REORGNAIZATION**

## I.    STATEMENT OF FACTS[2]

On or about December 1, 2007, John Franklin Kohl, III executed a promissory note in the original principal sum of $1,260,000.00 (the "Note") which was made payable to Duxford Financial, Inc., A California Corporation ("Lender"). The Note was and remains secured by a recorded deed of trust (the "Deed of Trust") encumbering the real property located at 27462 Calle De La Rosa, San Juan Capistrano, CA 92675 (the "Subject Property"). Subsequently, Lender's beneficial interest under the Deed of Trust was transferred to Creditor.

On January 19, 2023, Debtor filed the instant Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Central District of California – Santa Ana Division, and was assigned case number 8:23-bk-10097-MH.

On February 27, 2023, Debtor filed his 1st Amended Chapter 13 Plan ("Plan") which provides for Creditor's claim in Class 1. The Plan includes payments towards Creditor's claim; however, the figures used by the Debtor are inaccurate.

On February 27 , 2023, Debtor filed his Chapter 13 Plan ("Plan") which provides for Creditor's claim in Class 1. The Plan includes payments towards Creditor's claim; however, the figures used by the Debtor are inaccurate. Secured Creditor's anticipates its Proof of Claim will show the pre-petition arrearage due to Creditor in the amount of $95,193.46, whereas the Plan proposes to pay only $95,067.00.

The Debtor's 1st Amended plan provides that the Debtor will make minimal payments for 12 months and then a lump sum payment in month 13.

## II. ARGUMENT

A. **DEBTOR'S 1st AMENDED CHAPTER 13 PLAN CANNOT BE CONFIRMED BECAUSE IT DOES NOT PROMPTLY CURE CREDITOR'S PRE-PETITION ARREARS AS REQUIRED BY 11 U.S.C. §1322(b)(5)**

Section 1325(a)(1) requires that "the plan complies with the provisions of this chapter and with the other applicable provisions of this title." 11 U.S.C. § 1325(a)(1). Section 1322(b)(5) requires that all chapter 13 plans must provide for the "curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is

---

Schneid & Crane, LLP, either expressly or impliedly through Robertson, Anschutz, Schneid & Crane LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

[2] Pursuant to Rules 201(b) and 201(d) of the Federal Rules of Evidence, which are made applicable to this proceeding by

Rule 9017 of Federal Rules of Bankruptcy Procedure, Creditor requests that the Court take judicial notice of the sworn bankruptcy schedules and other relevant documents filed in the instant case.

due." Further, section 1322(b)(2) prohibits debtors from modifying the rights of secured creditor whose security interest is secured solely by the debtor's principal residence.

In the present case, the major deficiency with Debtor's Plan is that it incorrectly asserts the outstanding arrearage balance of Creditor's pre-petition claim. Specifically, Debtor's Plan states that Creditor's pre-petition arrears are only $95,067.00; however, Creditor's claim reflects pre-petition arrears in the amount of $95,193.46. Accordingly, Debtor's Plan fails to meet the requirements of section 1325(a)(1) because it does not provide to promptly cure the **entire** outstanding balance of Creditor's arrearage claim as required by section 1322(b)(5). Based upon the foregoing, the Court should deny confirmation of the Debtor's Plan. In the alternative, the Court should confirm the Plan with a provision stating the Debtor must cure Creditor's entire pre-petition arrears, estimated in the amount of $95,193.46, in equal monthly payments over a period of time not to exceed (36) months. Additionally, The Debtor's 1st Amended plan provides that the Debtor will make minimal payments for 12 months and then a lump sum payment in month 13.

**WHEREFORE**, Creditor respectfully requests:

1. That the Court deny confirmation of the Debtor's Plan;
2. For such other and further relief as this court deems just and proper

        **ROBERTSON, ANSCHUTZ, SCHNEID & CRANE LLP**

Dated: 3/15/2023        /s/ *Fanny Wan* (SBN 277606)
        ATTY NAME
        Attorneys for Creditor, Metropolitan Life Insurance Company

1
2
3
4
5
6
7
8   - 3 -
    CASE NO. 8:23-bk-10097-MH
9
10  **OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN OF REORGNAIZATION**
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28