| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>RICHARD G. HESTON, ESQ.<br>HESTON & HESTON, Attorneys at Law<br>19700 Fairchild Road<br>Suite 280<br>Irvine, CA 92612<br>(949) 222-1041 Telephone<br>(949) 222-1043 Facsimile<br>rheston@hestonlaw.com<br>SBN: 90738<br><br>☐ *Debtor appearing without attorney*<br>☒ *Attorney for: Debtor*<br>☐ *Chapter 13 trustee* | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**SEP 15 2023**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** moser **DEPUTY CLERK**<br><br>**CHANGES MADE BY COURT** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - <u>SANTA ANA</u> DIVISION**

| In re:<br><br>JOHN FRANKLIN KOHL, III<br>FE PENAVERDE KOHL<br><br><br><br>Debtor(s). | CASE NO.: 8:23-bk-10097-MH<br><br>CHAPTER: 13<br><br>**ORDER ON:**<br>☐ **DEBTOR'S MOTION TO MODIFY PLAN OR SUSPEND PLAN PAYMENTS**<br>☐ **DEBTOR'S MOTION FOR AUTHORITY TO REFINANCE REAL PROPERTY**<br>☒ **DEBTOR'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY**<br>☐ **DEBTOR'S MOTION FOR AUTHORITY TO ENTER INTO LOAN MODIFICATION**<br>☐ **OTHER:**<br><br>☒ No hearing held<br>☐ Hearing held<br>DATE:<br>TIME:<br>COURTROOM:<br>PLACE: |

Based on Debtor's motion filed on (*date*) <u>8/29/2023</u> as docket entry number <u>67</u> and the recommendation of the chapter 13 trustee, it is ordered that Debtor's motion is:

☐    Granted         ☐    Denied

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                                              Page 1                                 F 3015-1.14.ORDER.CH13.GENRL

☐     Granted on the terms set forth in the chapter 13 trustee's comments on or objection to Debtor's motion

☒     Granted on the following conditions:

1. From escrow opened with A&A Escrow Services, Inc. ("A&A Escrow") is authorized to pay only the liens of Metropolitan Life Insurance Company/NewRez, California Bank & Trust, and Logix FCU, and usual and customary escrow fees and charges.

2. Pursuant to Debtors' pending but unconfirmed plan, arrears to the secured creditors were to be paid by the Trustee. By agreement between the Debtor and the Trustee, and to simplify the recording of documents, A&A Escrow shall disburse the balance of the secured proofs of claim of Metropolitan Life Insurance Company/NewRez, in the amount of $97,514.32 on behalf of the Trustee and the Trustee is authorized to take his fee of up to $10,834.93 for this disbursement. Upon review of the final closing statement, Trustee is also authorized to take his statutory fee on any payments made by escrow for any impaired claims that should have been provided for thru the plan.

3. By agreement between the Debtor and the Trustee, and to simplify the recording of documents, A&A Escrow shall disburse the balance of the secured proofs of claim of California Bank & Trust, in the amount of $4,253.28 on behalf of the Trustee and the Trustee is authorized to take his fee of up to $472.59 for this disbursement. Upon review of the final closing statement, Trustee is also authorized to take his statutory fee on any payments made by escrow for any impaired claims that should have been provided for thru the plan.

4. The Chapter 13 Trustee will make demand for an estimated $367,079.00 of the net proceeds to be disbursed toDebtors' creditors pursuant to Debtors' confirmed plan and to pay up to 100% of the general unsecured creditors.

5. The Court retains jurisdiction as to all funds and property of the estate from this sale until further orders of this Court and all funds and property of the estate do not revest in the Debtor pursuant to 11 U.S.C. § 349(b)(3). Upon the Trustee's final audit of Debtors' case, all remaining funds, if any, will be refunded to the Debtors.

6. Claims provided for by the proposed plan on Debtors' property are deemed due and owing to creditors pursuant to 11 USC 1326(a)(2). The Chapter 13 Trustee reserves the right to demand additional funds from Debtors as necessary upon review of the Claims Register on file with the Clerk of the Bankruptcy Court. Failure of Debtors to provide those additional funds to the Trustee may warrant the filing of a motion for case dismissal.

7. This order does not prevent Trustee from paying on any claims on the property. Debtors must submit a final closing statement of the sale to the Trustee or otherwise obtain from creditor a withdrawal of any proof of claim filed on the property.

☐     Set for hearing on (*date*) _____ at (*time*) _____.

Date: September 15, 2023

*[signature]*

Mark Houle
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*      Page 2      F 3015-1.14.ORDER.CH13.GENRL